**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ELIZABETH VILLAFANE, VICTORIA VILLAFANE, LATASHA CARTER, and ANA LAGUNAS, individually and on behalf of all others similarly-situated, | Case No. _____ |
| Plaintiffs, | |
| v. | |
| ADMIRAL THEATRE, INC. d/b/a THE ADMIRAL THEATRE, SAM A. CECOLA, and NICK CECOLA, | |
| Defendants. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

### I. INTRODUCTION

1.     Plaintiffs Elizabeth Villafane, Victoria Villafane, Latasha Carter, and Ana Lagunas bring this action on behalf of themselves and other exotic dancers who have worked at Admiral Theatre, Inc. d/b/a The Admiral Theatre (the "Admiral"), an adult entertainment strip club located at 3940 West Lawrence Avenue, Chicago, Illinois, which is owned and managed by Mr. Sam Cecola and Mr. Nick Cecola. As described further below, the Admiral has misclassified its exotic dancers as independent contractors rather than as employees under federal and state law. Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

2.     Plaintiffs bring this action on their own behalf, and on behalf of other similarly-situated Admiral exotic dancers who may choose to opt-in to this case, for not paying minimum wage as required by the federal Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201 *et seq*. and for taking a portion of the dancers' tips and allowing and requiring dancers to share their tips with individuals not eligible to share in a tip pool.

3.      Plaintiffs also bring this action on behalf of themselves and a class of other similarly-situated Admiral exotic dancers, pursuant to Fed. R. Civ. P. 23, for violating various provisions of Illinois state and local law including: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*. by failing to pay dancers the required state minimum wage; (2) the Chicago Minimum Wage and Paid Sick Leave Ordinance, Mun. Cod. Chicago 1-24-010 *et seq*. ("Ordinance") by failing to pay dancers the required minimum wage; (3) the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq*. by taking deductions from dancers' pay and requiring dancers to share their tip earnings with other individuals; and (4) for unjust enrichment by requiring dancers to pay certain "house" fees in order to work.

4.      Additionally, Plaintiffs bring this action on behalf of themselves and a class of other similarly situated Admiral exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating the Illinois Gender Violence Act ("IGVA") 740 ILCS § 82, *et seq*. stemming from Defendant's encouraging and assisting in acts of gender-related violence perpetrated by its customers against Plaintiffs and other exotic dancers at the club. As described further below, Defendants and their security staff have condoned and encouraged intrusions and physical aggression of a sexual nature against Plaintiffs and other dancers.

## II. **PARTIES**

5. Plaintiff Victoria Villafane is an adult resident of Orlando, Florida. She worked at the Admiral in Chicago, Illinois as an exotic dancer at various times between approximately 2014 and August 2023.

6. Plaintiff Elizabeth Villafane is an adult resident of Orlando, Florida. She worked at the Admiral in Chicago, Illinois as an exotic dancer at various times from approximately 2014 until August 2023.

7. Plaintiff Latasha Carter is an adult resident of Merrillville, Indiana. She worked at the Admiral in Chicago, Illinois as an exotic dancer at various times from approximately 2014 until September 2023.

8. Plaintiff Ana Laguna is an adult resident of Chicago, Illinois. She worked at the Admiral in Chicago, Illinois as an exotic dancer at various times from approximately 2018 until June 2023.

9. Defendant Admiral Theatre, Inc. d/b/a The Admiral Theatre is an Illinois corporation with its principal place of business at 3940 West Lawrence Avenue in Chicago, Illinois.

10. Sam Cecola is an adult resident of Barrington, Illinois, and the registered owner of Defendant Admiral. Sam Cecola directed and controlled the payment policies of the club and the rules with respect to the dancers.

11. Nick Cecola is an adult resident of Cook County, Illinois, and the Director of Operations of Defendant Admiral. Nick Cecola directed and controlled the payment policies of the club and the rules with respect to the dancers.

### III. **JURISDICTION AND VENUE**

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

13.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' supplemental state law claims, which are brought pursuant to the laws of the State of Illinois, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant Admiral Theatre is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed within this judicial district.

### IV. **STATEMENT OF FACTS**

15.     The Admiral has misclassified its exotic dancers as independent contractors, when in reality they are employees.

16.     The Admiral has exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the club's premises, including where to be on the premises and when, what they are allowed to wear, how much they can receive for private dances and sessions, and how they can interact with customers. For example, dancers must dance on stage for at least two songs at a time and must get completely nude; they are not allowed to carry a phone with them on the floor; and they must receive permission from management to leave the premises before the end of the night. The dancers have no control over the customer volume,

4

advertising, or atmosphere at the club, which is controlled entirely by Defendants. Defendants require dancers to report to the stage and offer a floor dance and promotional branded T-shirts at least once during the night..

17.     Dancers also cannot accept credit card, Venmo, Zelle, Paypal, or other electronic payments directly from customers. As such, if a customer does not have cash to pay a dancer and/or prefers to use their credit card, the customer must purchase the Club's "funny money."

18.     Defendants retain the power to hire and fire the exotic dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements regarding the manner and means of their work. Specifically, Defendants charge a fine to dancers or send them home if they are caught using their phones or chewing gum on the premises, and Defendants also charge a fine if dancers are late getting on stage at the required time.

19.     At all relevant times, Admiral dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

20.     In addition, the Admiral is in the business of providing adult entertainment to its patrons. Its website advertises it as "Admiral Theatre Totally Nude Men's Club" and advertises its "Totally Nude Table Side Dances." Prospective exotic dancers are advised that their "applications will not be considered unless accompanied by a recent full-body photo." Thus, the dancers clearly perform services in the usual course of Defendants' business, and without the dancers, the Admiral would have no business, such that the dancers' work is integral to Defendants' business.

21.    At all times relevant to this Complaint, Defendants have treated Plaintiffs and their other dancers in a substantially similar manner with respect to their policies and practices.

22.    The federal minimum wage has been $7.25 per hour over the course of the last three years.

23.    The minimum wage in Illinois has been between $10.00 and $13.00 per hour over the course of the last three years.

24.    The minimum wage in Chicago has been between $14.00 and $15.80 per hour over the course of the last three years.

25.    Defendants did not pay the exotic dancers who have worked at the Admiral the prevailing federal, state or Chicago minimum wage rate.

26.    The exotic dancers who have worked at the Admiral receive compensation only in the form of gratuities from patrons.

27.    In order to perform their job, the dancers have been required to pay "house fees" to the Admiral in an amount between $40 to $100 for every shift. The parties had an implied agreement that dancers would perform exotic dancing services for the club and would receive their gratuities as compensation, but the Defendants required dancers to pay these fees out of that compensation so that the house fees operated as a deduction from the dancers' wages. In fact, during some shifts, dancers would leave the club having lost money because of these deductions from their pay.

28.    The dancers have also been required to share their tips with non-service employees or agents of the Admiral, such as "house moms," "disc jockeys," and "valets."

6

29.     The Admiral has also taken ten percent of dancers' tips whenever they are tipped by customers using the club's proprietary "funny money", which the club sells to customers for use tipping dancers.

30.     Plaintiffs have also been subjected to various acts of gender-related violence in the course of their work at the Admiral Theatre. Defendants' managers and security employees condoned and even encouraged customers to touch dancers, including the Plaintiffs.

31.     Likewise, Defendants' managers and security employees have openly permitted some dancers to engage in explicitly sexual activity with customers, thereby creating an expectation by other customers that the Plaintiffs and all dancers at the Admiral Theatre should do the same. In particular, Plaintiff Carter witnessed another dancer place her genitals on a customer's face, at which point the customer she was dancing for asked "Why can't I get that?" and inappropriately pressured Plaintiff Carter to engage in sexual conduct. Similar incidents occurred regularly at Defendants' club. When Plaintiff Carter complained to Defendants' security employees about this incident, she was dismissed and told, "Yeah, she does that."

32.     Bouncers repeatedly witnessed customers touching Plaintiffs inappropriately including grabbing their genitals or buttocks; when Plaintiffs complained, they were generally ignored by Defendant's security employees who did not intervene or put a stop to the physical aggression.

33.     In particular, in December 2022, a customer was aggressive with Plaintiff Elizabeth Villafane; however, when she tried to seek assistance, the client, who was a friend of the manager on duty, was not reprimanded or escorted from the club. On

another occasion, a customer touched Victoria Villafane inappropriately in full view of Defendants' security staff, but they took no action to assist her. When Victoria Villafane complained, Defendants indicated they would "train" their security staff, but nothing changed. Similar incidents occurred regularly, both before and after Victoria Villafane was told that Defendants' security staff would allegedly be "trained" on this issue. Defendants told Victoria Villafane to call a bouncer if she was subjected to unwanted contact or physical aggression of a sexual nature, but the bouncers witnessed such acts and did nothing.

## V.    CLASS AND COLLECTIVE ALLEGATIONS

34.    Plaintiffs bring this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at the Admiral at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

35.    Plaintiffs attach as Exhibits A through D their Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

36.    Plaintiffs also bring this action individually and as a class action under Fed. R. Civ. P. 23, on behalf of all individuals who worked as exotic dancers at the Admiral at any time between ten years prior to the filing of this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IWPCA), between three years prior to filing this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IMWL), between five years prior to filing this lawsuit and the entry of judgment in this case (with respect to the unjust enrichment claims), and

8

between seven years prior to the filing of this lawsuit and entry of judgment in this case (with respect to the IGVA claims).

37.     This action on behalf of the class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

 a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

 b. There are questions of law and/or fact common to the members of the proposed class, which predominate over questions affecting only individual members, including; (1) the Admiral's conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, (3) effectively making illegal deductions from their wages by uniformly requiring dancers to pay a portion of their tips to the Defendant and to managers and other non-service employees, (4) requiring them to pay "house" fees in order to work, and (5) exposing them to unwanted sexual touching by customers by openly permitting customers to engage in physical aggression of a sexual nature.

 c. Plaintiffs will fairly and adequately protect the interests of the class as they have retained able counsel experienced in class action litigation, and their interests are coincident with, and not antagonistic to, the interests of the other class members.

38.     In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action. A class action is the appropriate method for adjudicating this matter fairly and efficiently because a single action is far more efficient than numerous individual actions.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C., 201, *et seq*.**

39.     Defendant Admiral Theatre is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce as it is an enterprise whose employees engage in commerce, including entertainment as well as the sale of food and non-alcoholic beverages.

40.     Likewise, Defendants Sam and Nick Cecola are employers for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because they have each acted directly or indirectly in the interests of Defendant Admiral in relation to its employees, including Plaintiffs and other exotic dancers who have worked at the Admiral in Chicago, Illinois.

41.     Plaintiff and the members of the proposed collective are employees of Defendant for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendant has failed to pay Plaintiff and the members of the proposed collective an hourly rate of at least the federal minimum wage of $7.25 per hour as

10

required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

42.     Plaintiff and the members of the proposed collective are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendant to compensate Plaintiff and the members of the collective at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded similarly situated exotic dancers are employees of the clubs for which they work.

43.     Plaintiff and the members of the proposed collective are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).


**COUNT II**
**Failure to Pay Minimum Wage, 820 ILCS § 105/1, *et seq*.**

44.     At all times relevant herein, Plaintiffs and the members of the proposed class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

45.     At all relevant times, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

46.     Plaintiffs and the members of the proposed class were not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, et seq., during their employment with Defendants.

47.     Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiffs and the other members of the proposed class were entitled to be compensated at the applicable State minimum wage rate for all hours worked.

48.     Defendants' willful conduct in failing to ensure that its exotic dancers receive the Illinois state minimum wage constitutes a violation of 820 ILCS § 105/1, et seq. This claim is brought on behalf of all dancers who have worked at the Admiral in the last three years prior to the date of filing of this Complaint until the date of judgment in this action. See 820 §ILCS 105/12.

## COUNT III
### Failure to Pay Minimum Wage,
### Chicago Minimum Wage and Paid Sick Leave Ordinance, MCC 6-105, et seq.

49.     Plaintiffs and the members of the proposed class were not paid proper minimum wages under the Ordinance, during their employment with Defendants.

50.     Defendant has twenty-one (21) or more employees, including Plaintiffs and other exotic dancers. Pursuant to the Ordinance, Plaintiffs and the other members of the proposed class were entitled to be compensated at the minimum wage rate of between $14.00 and $15.80 per hour over the course of the last three years prior to the filing of this Complaint.

51.     Defendants' willful conduct in failing to ensure that its exotic dancers receive the Chicago minimum wage constitutes a violation of the Ordinance. This claim is brought on behalf of all dancers who have worked at the Admiral at any time in the last three years.

## COUNT IV
**Failure to Pay Wages and Illegal Deductions 820 ILCS § 115, *et seq*.**

52.      At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendants as defined by the IWPCA.

53.      At all relevant times, Defendants were employers of Plaintiff and the members of the proposed class as defined by the IWPCA.

54.      Defendants have violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq., by misclassifying their exotic dancers as independent contractors, requiring them to pay fees in order to perform their jobs, requiring them to make payments to other individuals (such as managers, "house moms," disc jockeys, and others), and by taking ten percent (10%) of all dancers' tips when they are paid by customers in "funny money." This claim is brought on behalf of all dancers who have worked at the Admiral in the last ten years prior to the date of filing of this Complaint until the date of judgment in this action. See 735 ILCS § 5/13–206.

## COUNT V
**Unjust Enrichment**

55.      As a result of Defendants mischaracterizing of Plaintiffs and the proposed class as "independent contractors," Plaintiffs and the proposed class were forced to pay substantial sums of money in order for the opportunity to work. Specifically, as a condition of working for Defendants, Plaintiffs and Defendants' other exotic dancers were required to pay "house fees" to Defendants prior to every shift.

56.      The house fees the exotic dancers were forced to pay Defendants significantly reduced the exotic dancers' earning capacity. In fact, there were occasions

13

that the nightly house fees Plaintiffs and the other exotic dancers were forced to pay Defendants equaled or exceeded the wages they earned during a shift. As a result, they ended up paying out more to Defendants than they earned for working the shift.

57. Defendants also required customers to pay a cover charge to enter the club. Defendants did not share any portion of the customers' cover charge with the exotic dancers.

58. Defendants also require customers who prefer to use a credit card to purchase dances to buy "funny money." Defendants charge the customers an extra 10% when purchasing funny money. For example, if the customer gives Defendants one hundred dollars, the Club will give the customer ninety dollars.

59. Funny money can only be used to purchase dances. It cannot be used to purchase food, drinks, or merchandise from the Club.

60. Defendants also require dancers to accept the Club's "funny money" as payment for dances. Defendants also charge the dancers ten percent fee when the dancers exchange the "funny money" at the end of the night. For example, if a customer gives a dancer a ten-dollar tip in funny money, she will only actually receive nine dollars.

61. As such, in addition to the other fees Defendants forced their dancers to pay, Defendants keep twenty percent of all purchases of "funny money," ten percent of which the dancers are forced to pay.

62. Additionally, by misclassifying their employees as "independent contractors," and by forcing those employees to pay house fees with their own money before being allowed to work a shift, Defendants have been unjustly enriched.

14

## COUNT VI
**Violation of the Illinois Gender Violence Act, 740 ILCS § 82, *et seq*.**

63.     During the course of Plaintiffs' employment with Defendant, Defendant's customers committed numerous acts of physical intrusion of a sexual nature and physical aggression against Plaintiff and Defendant's other dancers because they were female. These acts included the touching of Plaintiff's genitalia and breasts and slapping of her (and other dancers') buttocks. These acts were physical intrusions or invasions of a sexual nature under coercive conditions satisfying the elements of battery under Illinois law.

64.     Defendant encouraged or assisted this unlawful behavior, because it was well aware of this conduct, but it turned a blind eye to same. In several instances, Plaintiffs expressly complained or sought help from Defendants' managers and security staff and was told that "touching is allowed" at the club.

65.     As a direct and proximate result of Defendant's actions, Plaintiffs and other similarly-situated exotic dancers at the Admiral Theatre have suffered emotional distress, loss of income, and other losses. Plaintiffs seek damages and attorney's fees and costs pursuant to 740 ILCS § 82/15.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter the following relief:

a.      An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.      A declaratory judgment that the plaintiffs and class/collective members are employees, not independent contractors under the FLSA and Illinois state law;

c.      A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, the IMWL, and Chicago Minimum Wage Ordinance, and have deprived Plaintiffs and the members of the class of their rights to such compensation;

d.      Certification of a class pursuant to Fed. R. Civ. P. 23 on Counts II through VI of Plaintiffs' Complaint;

e.      An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiffs and members of the class/collective are entitled;

f.      An award of monetary damages to Plaintiffs and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g.      An award of monetary damages to Plaintiffs and members of the class in the form of back pay for unpaid minimum wages and deductions taken from their tips, and statutory damages of 2% per month pursuant to the formula set forth in the IMWL and IWPCA that are due to Plaintiffs and members of the class because of their

16

misclassification as independent contractors and failure to receive all wages due to them under the IMWL and IWPCA;

h.      An award of damages for all wages due to Plaintiffs and members of the class because of their misclassification as independent contractors and failure to receive all wages due to them under the Chicago Minimum Wage Ordinance;

i.      Restitution for all house fees and all portions of Plaintiffs' "funny money" tips that Plaintiffs and members of the class were required to pay to Defendants;

j.      An award of actual and punitive damages and damages for emotional distress to Plaintiff and members of the class stemming from the gender-related violence suffered in the course of the performance of their job duties for Defendant;

k.      An award of prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

l.      Attorneys' fees and costs; and

m.      Such further relief as the Court deems just and proper.

Dated: December 7, 2023        Respectfully submitted,

VICTORIA VILLAFANE, ELIZABETH VILLAFANE, LATASHA CARTER, and ANA LAGUNA, individually and on behalf of all others similarly-situated,

 /s/ Bradley Manewith        
*One of Plaintiffs' Attorneys*

Bradley Manewith, IARDC No. 06280535
LICHTEN & LISS-RIORDAN, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617 994-5801
bmanewith@llrlaw.com

Adelaide Pagano, *pro hac vice anticipated*
Maria Cedeno, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
apagano@llrlaw.com
mjcedeno@llrlaw.com

18

# EXHIBIT A

**OPT-IN CONSENT FORM TO PARTICIPATE IN FLSA WAGE CASE ON BEHALF OF
EXOTIC DANCERS AGAINST THE ADMIRAL THEATRE:**

### *Villafane v. The Admiral Theatre Inc., et al.*

Complete and return to:    Bradley Manewith
Adelaide Pagano
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
www.llrlaw.com
Tel:  (617) 994-5800
Fax: (617) 994-5801
Email:  claims@llrlaw.com

Name: elizabeth villafane _____

Address: ▓ _____

City ▓_____ State Fl_____ Zip ▓_____

Telephone: ▓_____ [home] ▓_____ [cell]

E-Mail: ▓_____

### CONSENT TO JOIN COLLECTIVE ACTION

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.     I consent and agree to pursue my federal wage claims arising out of the work I performed as an exotic dancer at the Admiral Theatre and Nick and Sam Cecola.

2.     I worked as an exotic dancer at the Admiral Theatre from approximately (list month & year) 06/14_____ until 08/23_____.

3.     During that time, I was not paid an hourly wage and was required to pay fees in order to work.

4.     I understand that I will be joining a lawsuit to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court or any settlement of this action.  I hereby designate Bradley Manewith and Adelaide Pagano of Lichten & Liss-Riordan, P.C. to represent me for all purposes in this action.

Signature: *Elizabeth Villafane*_____ Date: 12/04/2023_____

# EXHIBIT B

**OPT-IN CONSENT FORM TO PARTICIPATE IN FLSA WAGE CASE ON BEHALF OF EXOTIC DANCERS AGAINST THE ADMIRAL THEATRE:**

**_Villafane v. The Admiral Theatre Inc., et al._**

Complete and return to:  Bradley Manewith
Adelaide Pagano
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
www.llrlaw.com
Tel:  (617) 994-5800
Fax: (617) 994-5801
Email:  claims@llrlaw.com

Name: Ana Lagunas _____

Address: ███ _____

City ███_____State Illinois_____Zip ███_____

Telephone: ███_____ [home] ███_____ [cell]

E-Mail: ███_____ _____

**CONSENT TO JOIN COLLECTIVE ACTION**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I consent and agree to pursue my federal wage claims arising out of the work I performed as an exotic dancer at the Admiral Theatre and Nick and Sam Cecola.

2.      I worked as an exotic dancer at the Admiral Theatre from approximately (list month & year) 09/2021_____ until 06/2023_____.

3.       During that time, I was not paid an hourly wage and was required to pay fees in order to work.

4.      I understand that I will be joining a lawsuit to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court or any settlement of this action.  I hereby designate Bradley Manewith and Adelaide Pagano of Lichten & Liss-Riordan, P.C. to represent me for all purposes in this action.

Signature: _Ana L. Lagunas_____ Date: 12/05/2023_____

# EXHIBIT C

## OPT-IN CONSENT FORM TO PARTICIPATE IN FLSA WAGE CASE ON BEHALF OF EXOTIC DANCERS AGAINST THE ADMIRAL THEATRE:

### *Villafane v. The Admiral Theatre Inc., et al.*

Complete and return to:     Bradley Manewith
                            Adelaide Pagano
                            Lichten & Liss-Riordan, P.C.
                            729 Boylston Street, Suite 2000
                            Boston, MA 02116
                            www.llrlaw.com
                            Tel:  (617) 994-5800
                            Fax: (617) 994-5801
                            Email:  claims@llrlaw.com

Name: Latasha Carter _____

Address: ███████████ _____

City___██_____State___Indiana___Zip__███_____

Telephone: ███████_____ [home] ███████_____ [cell]

E-Mail:██████████_____

## CONSENT TO JOIN COLLECTIVE ACTION

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.      I consent and agree to pursue my federal wage claims arising out of the work I performed as an exotic dancer at the Admiral Theatre and Nick and Sam Cecola.

2.      I worked as an exotic dancer at the Admiral Theatre from approximately (list month & year) ___2014_____ until ___09/2023_____.

3.       During that time, I was not paid an hourly wage and was required to pay fees in order to work.

4.      I understand that I will be joining a lawsuit to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court or any settlement of this action.  I hereby designate Bradley Manewith and Adelaide Pagano of Lichten & Liss-Riordan, P.C. to represent me for all purposes in this action.

Signature: _*Latasha Carter*_____     Date: ___12/07/2023_____

# EXHIBIT D

## OPT-IN CONSENT FORM TO PARTICIPATE IN FLSA WAGE CASE ON BEHALF OF EXOTIC DANCERS AGAINST THE ADMIRAL THEATRE:

### *Villafane v. The Admiral Theatre Inc., et al.*

Complete and return to:     Bradley Manewith
Adelaide Pagano
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
www.llrlaw.com
Tel:  (617) 994-5800
Fax: (617) 994-5801
Email:  claims@llrlaw.com

Name: victoria c villafane _____

Address: ████ _____

City ████ _____ State florida ____ Zip ████ _____

Telephone: ████ _____ [home] n/a _____ [cell]

E-Mail: ████████ _____

### CONSENT TO JOIN COLLECTIVE ACTION

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.     I consent and agree to pursue my federal wage claims arising out of the work I performed as an exotic dancer at the Admiral Theatre and Nick and Sam Cecola.

2.     I worked as an exotic dancer at the Admiral Theatre from approximately (list month & year) june 14" _____ until august 23' _____.

3.      During that time, I was not paid an hourly wage and was required to pay fees in order to work.

4.     I understand that I will be joining a lawsuit to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the court or any settlement of this action.  I hereby designate Bradley Manewith and Adelaide Pagano of Lichten & Liss-Riordan, P.C. to represent me for all purposes in this action.

Signature: _____     Date: 12/07/2023 _____